# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

STATE OF CONNECTICUT,

     Plaintiff,

     v.

RASHAD L. WILLIAMS,

     Defendant.

No. 3:17-cv-02023 (MPS)

## RULING ON MOTION TO REMAND

The State of Connecticut brought this suit under Conn. Gen. Stat. § 51-298 against

inmate Rashad Williams to recover the costs it incurred in providing public defender services to

him over the course of several years.  Williams removed the case to this Court, citing federal

question jurisdiction.  (ECF No. 1 at 2).  In particular, Williams asserts that this case is related to

another case before this Court in which he attained a $300,000 judgment against an employee of

the State of Connecticut's Department of Correction for violations of his civil rights under 42

U.S.C. § 1983 ("Section 1983").  *See Williams v. Murphy*, 13CV01154 (MPS) ("2013 case").

After the entry of judgment in that case, the State of Connecticut sought to apply a lien against

the judgment for the costs of incarcerating Williams under Conn. Gen. Stat. § 18-85b.  Williams

challenged the constitutionality of that action, along with others, in motions filed in that case on

the basis that the State's actions were preempted by Section 1983.  (*See id.* at ECF No. 240; ECF

No. 256).  He asserts in his removal notice that the State of Connecticut's attempt to recover

1

public defender costs from the proceeds of his judgment is similarly preempted by Section 1983. (ECF No. 1 at 3).[1]

Before me now is the State of Connecticut's motion to remand the case back to state court and for costs and attorney's fees. (ECF No. 11). For the reasons set forth below, the State's motion is granted in part and denied in part. I remand this case to Connecticut Superior Court but I do not award the State of Connecticut costs and attorney's fees.

## I. Discussion

### a. Removal

"In evaluating the propriety of a removal, courts start with the baseline principle that federal courts are courts of limited jurisdiction." *Veneruso v. Mount Vernon neighborhood Health Center*, 933 F. Supp. 2d 613, 618 (S.D.N.Y. 2013). Thus, "removal jurisdiction exists in a given case only when that jurisdiction is expressly conferred on the courts by Congress." *Id.* (internal quotation marks omitted). Under "28 U.S.C. § 1441, a civil action filed in state court may be removed by the defendant to federal district court if the district court has original subject matter jurisdiction over the plaintiff's claim." *Lupo v. Human Affairs Intern., Inc.*, 28 F.3d 269, 271 (2d Cir. 1994); *see also* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). "[D]istrict courts . . . have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

_____

[1] Williams also raised this issue in the 2013 case in the form of a motion to unfreeze assets in his inmate trust account. (*See* 2013 case at ECF No. 256).

2

While "[t]his provision for federal-question jurisdiction is invoked by and large by plaintiffs pleading a cause of action created by federal law," "[t]here is . . . another longstanding, if less frequently encountered variety of federal 'arising under' jurisdiction." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005). "[E]ven where a claim finds its origins in state rather than federal law," the Supreme Court has "identified a 'special and small category' of cases in which arising under jurisdiction still lies." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). A state-law claim falls within this limited category when it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* (quoting *Grable*, 545 U.S. at 314). Thus, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." (*Id.*). "The removing party bears the burden of establishing that removal is proper." *Zerafa v. Montefiore Hosp. Hous. Co.*, 403 F. Supp. 2d 320, 325 (S.D.N.Y. 2005).

Williams argues that the State's claim falls within this narrow category of federal "arising under" jurisdiction. (ECF No. 15 at 5). However, he fails to meet the first factor of the *Gunn* test. With regard to the first factor, "[a] state-law claim 'necessarily' raises federal questions where the claim is affirmatively 'premised' on a violation of federal law." *New York ex rel. Jacobson v. Wells Fargo National Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016) (quoting *Grable*, 545 U.S. at 314). By contrast, a state law-claim does not necessarily raise a federal question "where all [of the plaintiff's] claims s[eek] relief under state law and none necessarily raise[s] a

federal issue." *Id.* (quoting *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1575 (2016)). Thus, the relevant inquiry concerns whether the plaintiff's state law claim *requires* a showing under federal law to succeed. *See In re Standard & Poor's Rating Agency Litig.*, 23 F. Supp. 3d 378, 396 (S.D.N.Y. 2014) (concluding state law claim did not "necessarily" raise a federal question because it did not require plaintiff to prove a violation of federal law to prevail on the claim).

The State of Connecticut's sole claim in this case relies upon Conn. Gen. Stat. § 51-298, which provides a right of action under Connecticut state law against any person who has received public defender services from the State. *See* Conn. Gen. Stat. § 51-298 ("The [Connecticut Public Defender] [C]ommission shall have a claim against any person represented by a public defender, assistant public defender, deputy assistant public defender or Division of Public Defender Services assigned counsel pursuant to this chapter, for the reasonable value of services rendered to him, as determined in accordance with the schedule of reasonable charges for public defender services provided by the [Public Defender Services Commission]."). This claim does not turn on any construction of federal law and therefore does not "necessarily" raise a federal question. Even if, as Williams suggests, the State is only bringing the claim because Williams has won a federal judgment, that does not make proof of the federal judgment—or the underlying Section 1983 claim—a necessary component of the State's claim. This remains true even if, as Williams argues, the State must prove that Williams has "become financially able to meet all or some part of the cost of the [public defender] services rendered to him,"[2] Conn. Gen. Stat. § 51-298(a), and the State can make that showing only because Williams won the Section

_____

[2] I express no view on whether Williams's interpretation of Section 51-298 in this regard is correct.

4

1983 judgment. That circumstance would not necessarily raise an issue of federal law for the Court to decide.

Williams also argues that this Court "may appropriately exercise its ancillary jurisdiction arising from the [2013 case] to adjudicate this case." (ECF No. 15 at 5); *see also K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 966 (9th Cir. 2014) ("The 'doctrine of ancillary jurisdiction . . . recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them.'" (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994))). However, the Supreme Court foreclosed this avenue of removal in *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28 (2002). *Syngenta* concerned attempted removal by defendants of a state court proceeding they alleged was initiated in violation of a settlement in a related but separate federal court case. *See id.* at 30. The defendants claimed that the removal was justified, in part, on the basis that the federal court possessed "ancillary enforcement jurisdiction" over the state law claims at issue due to their violation of the settlement in federal court. *Id.* at 33-34.

The *Syngenta* Court rejected this contention. *Id.* at 34. It noted that the defendants "fail[ed] to explain how the [federal district court's] retention of jurisdiction over the . . . settlement [in the related case] authorized *removal* of the [state court] action." *Id.* at 34. Removal, the Court noted, "is governed by statute, and invocation of ancillary jurisdiction . . . does not dispense with the need for compliance with statutory requirements." *Id.* The Court also rejected the defendants' claim "that ancillary jurisdiction authorizes removal under 28 U.S.C. § 1441." *Id.* Since "a court must have jurisdiction over a case or controversy before it may assert jurisdiction over ancillary claims," the Court noted, ancillary jurisdiction "cannot provide the original jurisdiction that petitioners must show in order to qualify for removal under § 1441." *Id.*

(internal citations and quotation marks omitted).  Thus, even if this Court did possess ancillary jurisdiction over the issues presented by this case, that would not provide a valid basis for removal of this action from state court.

I therefore conclude that this matter must be remanded to Connecticut Superior Court.[3]

### b. Costs and Attorney's Fees

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case."  *Id.*  The *Martin* Court provides as examples of such unusual circumstances "a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction. . . ."  *Id.*  "When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be faithful to the purposes of awarding fees under § 1447(c)."  *Id.* (internal quotation marks omitted).

Even if Williams arguably lacked an objectively reasonable basis for seeking removal,[4] an issue I do not decide, there are unusual circumstances that warrant a departure from the application of § 1447(c).  The State of Connecticut's counsel sent a letter to Williams's counsel

---

[3] In light of this disposition, I do not address the State of Connecticut's arguments that the Eleventh Amendment and ripeness doctrine also preclude Williams from removing this case. (*See* ECF No. 11 at 11-15; ECF No. 16 at 1-2).

[4] Given that the Supreme Court compared its prior case law on the category of state-law claims that satisfy federal "arising under" jurisdiction to a Jackson Pollock painting, *see Gunn*, 568 U.S. at 258, Williams's misplaced reliance on the doctrine in support of his removal is understandable.

on the day after Christmas Day of 2017, before filing the motion to remand, notifying him of the grounds for this motion, and stating that the State would move to remand and seek costs if Williams did not consent to a voluntary remand by January 2, 2018.  (ECF No. 16-1 at 2-3).  Williams's counsel responded asking for more time to respond to the State's offer "[g]iven the difficulties in communicating with [Williams] in light of his current incarceration, as well as the legal issues implicated in the [State's] letter and the shortened holiday week(s). . . ."  (ECF No. 16-2 at 3).  He offered in return that "Williams will not object to any remand motion, should it be necessary, on the grounds that it is untimely under 28 U.S.C. § 1447."  Counsel for the State responded that although he supported Williams's counsel discussing the matter with Williams, he "plan[ned] to file [a motion to remand] timely to ensure that all rights and protections for the State are preserved."  (ECF No. 16-2 at 2).  He did note, however, that "the State is willing to discuss informal resolution regarding costs and fees, including possibly [foregoing] them" if the parties could come to agreement on voluntary remand.  (ECF No. 16-2 at 2).  The State filed its motion to remand on January 4, 2018.  (ECF No. 11).

A few weeks later, Williams's counsel contacted the State's counsel notifying him that he had spoken with his client and that "Williams will agree to a voluntary remand of the removed action if, in turn, the State agrees to not seek recovery of costs or fees under 28 U.S.C. [§ 1447]."  (ECF No. 16-3 at 3).  The State's counsel responded, however, that the State would now be willing to forego pursuing costs and fees only on the condition that Williams agree that the state action, once remanded, would not be "stayed, delayed, or impacted by separate pending litigation"—i.e., the proceedings concerning Williams's judgment in the 2013 case.  Williams's counsel apparently was not willing to agree to this request, as the record discloses no response to it.

This correspondence demonstrates the sort of "unusual circumstances" that warrant departure from the fee shifting rule of § 1447(c) for two reasons. First, the State of Connecticut would not have had to file its motion to remand had it allowed Williams's counsel the time to speak with his client prior to filing. Williams's counsel attempted to facilitate this by offering not to object to a potential late motion to remand filed by the State.[5] The State's counsel declined Williams's offer. Given that Williams's counsel agreed to the initial proposal to voluntarily remand immediately after speaking with his client, the State's motion to remand was thus ultimately unnecessary. Had the State simply waited for Williams's counsel to speak to his client, it would not have needed to file the motion to remand at issue in this case.

Second, when Williams did offer to voluntarily remand the motion after the State had filed its motion to remand, the State responded by adding new conditions to its original proposal, conditions that were unreasonable in that they would have required Williams to waive arguments otherwise available to him in defending the action after it was remanded to state court. The conditions the State's counsel sought to impose would have barred Williams from raising the concurrent federal litigation over the 2013 case in the State proceeding regardless of the outcome of that litigation. Broadly construed, this could have prevented Williams from relying on a decision in that case in any manner in defending against the State's claim in state court. In other words, instead of accepting Williams's agreement to remand the case—and thereby expediting the case and sparing the Court the unnecessary adjudication of the motion to remand—the State sought to use the pending motion to remand to gain a tactical advantage in the case. Under these

_____

[5] The thirty-day deadline for filing is waivable and does not affect whether the Court has subject matter jurisdiction. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) ("The statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional. Although the time limit is mandatory and a timely objection to a late petition will defeat removal, a party may waive the defect or be estopped from objecting to the untimeliness by sitting on his rights." (internal citations omitted)).

circumstances, awarding fees to the State would run counter to the purposes of 28 U.S.C. § 1447(c). *See Martin*, 546 U.S. at 140 ("The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff.").

Because the State of Connecticut ultimately incurred the costs it did in this proceeding due to its own conduct and despite Williams's unrequited offers to give the State more time and then to voluntarily remand the case, I conclude that the State is not entitled to costs and attorney's fees.

## II.     Conclusion

For the reasons discussed above, the State of Connecticut's motion to remand and for cost and attorney's fees (ECF No. 11) IS GRANTED IN PART AND DENIED IN PART. I remand this case to Connecticut Superior Court but I do not award the State its costs and attorney's fees.

IT IS SO ORDERED.

_____/s/_____

Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut

March 29, 2018